UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JAMALL S BAKER,<br><br>      Plaintiff,<br> v.<br><br>JEREMY SEELEY et al.,<br><br>      Defendants. | NO. 3:22-cv-05584-DGE-SKV<br><br>ORDER DENYING MOTION FOR RECONSIDERATION |

  This matter comes before the Court on Plaintiff Jamall S. Baker's motion for reconsideration (Dkt. No. 27) of the Court's order adopting the Report and Recommendation of the Honorable S. Kate Vaughan, United States Magistrate Judge, and dismissing Plaintiff's case (Dkt. Nos. 23, 24).

  Under Local Civil Rule 7(h)(1), motions for reconsideration are disfavored, and will ordinarily be denied unless there is a showing of (a) manifest error in the ruling, or (b) facts or legal authority which could not have been brought to the attention of the court earlier, through reasonable diligence. LCR 7(h)(1). Reconsideration is an "extraordinary remedy, to be used

ORDER DENYING MOTION FOR RECONSIDERATION - 1

sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). "[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Natraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009). "Whether or not to grant reconsideration is committed to the sound discretion of the court." *Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation*, 1041, 1046 (9th Cir. 2003).

Plaintiff argues "[t]he controlling law was not considered by the Court" because "prisoners claiming indigent status in a federal civil rights suit are not barred by the 'three strikes' provision of the Prison Litigation Reform Act (PLRA) . . . if the prisoner originally filed suit in state court and a defendant then removed it to federal jurisdiction." (Dkt. No. 27 at 1–2.) Yet even if this is an accurate statement of the law in this circuit, it does not control this case. The Court dismissed Plaintiff's claims for a failure to exhaust, not because of the PLRA's three strikes rule. (*See* Dkt. No. 23 at 3.)

Next, Plaintiff argues the Court should vacate its judgment under Federal Rule of Civil Procedure 60(a), which permits a court to correct a "mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." (*See* Dkt. No. 27 at 2.) Plaintiff argues he suffered a brain injury and "based on said injury [he] made an error arising from oversight or omission." (*Id.*) Although not raised in his complaint or response to Defendants' motion for summary judgment, Plaintiff argues he could not exhaust his claim because the "Resolution Program Manual" does not accept grievances based on third-party information. (*Id.* at 2–3.)

ORDER DENYING MOTION FOR RECONSIDERATION - 2

1  Plaintiff's argument is substantive in nature. But Rule 60(a) does not address substantive
2  changes to the original judgment, and so it does not apply to Plaintiff's case. *See Garamendi v.*
3  *Henin*, 683 F.3d 1069, 1080 (9th Cir. 2012). Further, motions for reconsideration will be denied
4  absent "facts or legal authority which *could not* have been brought to the attention of the court
5  earlier, through reasonable diligence." LCR 7(h)(1) (emphasis added). Plaintiff fails to meet the
6  heavy burden of identifying facts that he could not have raised in his complaint or response
7  through reasonable diligence. Even if the Court assumes that Plaintiff's claims were not subject
8  to the grievance procedures under the Resolution Program Manual, this information was
9  available when Plaintiff began this suit and Plaintiff needed to raise this point before the Court
10 dismissed this case.

11 Plaintiff argues the Court should have dismissed his case without prejudice, rather than
12 with prejudice, because his brain injury "impairs his ability to think logically at times when it
13 comes to cognitive functions." (Dkt. No. 27 at 4.) Plaintiff attaches a "Neurology Expert
14 Report" by Galina Nikoskaya, M.D., in which Dr. Nikoskaya opines that Plaintiff was not
15 competent while agreeing to a guilty plea in 2008. (*Id.* at 15.) The report does not discuss
16 Plaintiff's current case, nor did Plaintiff raise competency at any time during these proceedings.
17 Instead, Plaintiff contends the Court should effectively reopen the matter and allow him to argue
18 new facts he failed to raise when responding to Defendants' motion for summary judgment and
19 when objecting to the Report and Recommendation. Plaintiff has not met the standard of Local
20 Civil Rule 7(h)(1).

21 Finally, Plaintiff argues the Court should vacate its judgment because he has newly
22 discovered evidence. (*Id.* at 3) (citing Fed. R. Civ. P. 60(b)(2)). Plaintiff asserts he received e-
23 messages from Rhonda Lynn Gibson through SECURUS E-messaging system on January 16,
24

ORDER DENYING MOTION FOR RECONSIDERATION - 3

1  2023 and January 29, 2023, which detailed negative things about Plaintiff she had heard from
2  Defendants.  (*Id.* at 3–4.)  Plaintiff appears to argue these messages support his claim that
3  Defendants schemed to interfere with his relationship with Ms. Gibson but were previously
4  unavailable to present to the Court given they are from January 2023.  But these texts are not
5  material to whether Plaintiff exhausted his claims, which was the basis for dismissal, and
6  therefore, do not support reconsideration of the Court's judgment.
7       Accordingly, and having considered Plaintiff's motion for reconsideration and the
8  remainder of the record, the Court finds and ORDERS that Plaintiff's motion for reconsideration
9  (Dkt. No. 27) is DENIED.

     Dated this 7th day of February, 2023.

David G. Estudillo
United States District Judge